Filed 1/9/25; Modified and Certified for Pub. 1/31/25 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| JEAN M. HARDY, | B331450 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 22NWCV01656) |
| v. | |
| FOREST RIVER, INC., et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of Los Angeles County, Lee W. Tsao, Judge.  Reversed and remanded.

Lawrence J. Hutchens and Shay Dinata-Hanson for Plaintiff and Appellant.

Phillips, Spallas & Angstadt, Michael R. Halvorsen and Matthew A. Gardner for Defendants and Respondents.

———————————

A California consumer enters into an agreement with an RV manufacturer that all legal disputes regarding the sale will be resolved in Indiana, governed by Indiana law. Upon the consumer's filing of a lawsuit in California under the Song-Beverly Consumer Warranty Act (Song-Beverly Act) (Civ. Code, § 1790 et seq.), the RV manufacturer files a motion to stay or dismiss the action on forum non conveniens grounds, contending that the exclusive jurisdiction for this case is Indiana. The manufacturer further argues that to "allay" any concerns that plaintiff's "essentially unwaivable" rights under the Song-Beverly Act will be forfeited if the case is resolved in Indiana, it will stipulate that California law will apply to plaintiff's warranty claims and will not oppose a request that the Indiana court "use Song-Beverly to adjudicate those allegations."

This case raises the question whether, in the face of an unconscionable agreement, a trial court may correct the problem by staying the action so that, "should the Indiana court decline to apply the Song-Beverly Act, then plaintiff can move to lift the stay on this matter."

We conclude that the lower court erred in its application of the legal standard and in its conclusion that a stipulation to apply California law and concomitant stay of the action would remedy the waiver of non-waivable rights.

For these reasons, we reverse and remand.

**FACTUAL AND PROCEDURAL BACKGROUND**

Jean Hardy filed a complaint for damages against Forest River, Inc. and related defendants (Forest River) on December 19, 2022. The complaint alleged a single cause of action under the Song-Beverly Act. Hardy alleged that she purchased a

2

motorhome[1] at the retail price of $130,543.61, but that Forest River and its authorized repair facilities failed to either perform all necessary repairs to correct its defects or replace it, thereby breaching the express and implied warranties of merchantability.

Forest River then filed a motion to stay or dismiss the action on the ground of forum non conveniens, contending that exclusive jurisdiction for the case was in the state of Indiana. Specifically, Forest River contended that in the Limited Motorized Warranty applicable to this sale, there was a forum selection clause that advised purchasers, in all caps, that "exclusive jurisdiction for deciding legal disputes relating to the limited warranty, an alleged breach of warranty, breach of implied warranties, or representations of any kind must be filed within the state of Indiana."

In its motion, Forest River initially cited the wrong standard for ruling on a forum selection clause, using the general standard rather than the standard that applies when the claims at issue are based on unwaivable rights created by California statutes. However, it conceded later in its brief that "Plaintiff may fear she could lose rights she might have asserted under Song-Beverly if the forum selection clause in Forest River's Limited Warranty is enforced." Forest River recognized that "the California Legislature made, with certain exceptions, a buyer's rights under Song-Beverly essentially unwaivable. [Citation.] Therefore, to allay any concerns in that regard, Forest River will stipulate by this motion that Song-Beverly will apply to plaintiff's warranty claims pursued in an action in

---

[1]     We use the term "motorhome" and "RV" interchangeably, as do the parties.

Indiana and that it will not oppose a request that the Indiana court use Song-Beverly to adjudicate those allegations."

Prior to a hearing on the motion, the trial court granted a motion for trial preference under Code of Civil Procedure section 36, subdivision (e).

Hardy opposed the motion to stay the action, pointing out that the correct standard for ruling on such a motion in the context of a case involving unwaivable rights created by California statutes placed the burden of proof on the defendant, not the plaintiff. Hardy also argued that the warranty contained unfair and unconscionable provisions that violated California law. In addition to the forum selection and choice of law provisions, which were in the document shown to plaintiff, Hardy claimed there were additional unconscionable provisions in the warranty and that it was not shown to her until after she had signed the sales documents and taken possession of the motorhome.

Specifically, Hardy argued that the warranty contained a 90-day statute of limitations (in contrast to four years under California law); required the consumer to deliver the RV to Forest River in Indiana for service if repairs are not adequately completed by the seller or local authorized dealer; required an exhaustion of remedies prior to bringing suit which was more onerous than that required by the Song-Beverly Act; and contained a disclaimer from incidental or consequential damages inconsistent with the Song-Beverly Act.

Finally, plaintiff argued that Forest River's offer to stipulate to apply California law did not cure the unenforceability of the choice of law and forum selection clause. Both in her

4

opposition and at oral argument, Hardy's counsel stated that she did not accept the stipulation.

In reply, Forest River again cited to cases holding that the plaintiff had the burden to show the forum selection clause to be unenforceable and argued that Hardy had not met her burden here. Forest River also argued that even if, arguendo, "certain provisions of the limited warranty might be unenforceable, plaintiff ma[de] no showing that those provisions cannot be severed from the limited warranty—including the mandatory forum selection clause."

The trial court granted the motion. In the section addressing the legal standard, the court followed Forest River's lead in stating the general rule that places "a substantial burden on a plaintiff seeking to defeat" a forum selection clause, requiring the plaintiff to demonstrate that the "forum selected would be unavailable or unable to accomplish substantial justice" and placing the burden of proof on the party opposing the enforcement of the clause. However, in the section entitled "Enforceability," the trial court correctly noted that the "burden is reversed when the claims at issue are based on unwaivable rights created by California statutes."

The trial court concluded that Forest River had met its burden "because Plaintiff signed the forum selection clause, the forum selection clause is not unconscionable, and Plaintiff's Song-Beverly rights can be readily preserved." Responding to Hardy's contention that the warranty clause was "unconscionable because Plaintiff was not given a copy of the limited warranty to review prior to signing and agreeing to the limited warranty," the court concluded that she "did sign a separate page with only the forum selection clause." Finally, the court concluded that Hardy's

5

concern about whether California law will be applied in Indiana could "be remedied by staying this matter while the Indiana case is pending and should the Indiana court decline to apply the Song-Beverly Act, then Plaintiff can move to lift the stay on this matter."

This appeal followed.

## DISCUSSION

### I.    Applicable Law and Standard of Review

We review an order enforcing a forum selection clause for abuse of discretion.  (*America Online, Inc. v. Superior Court* (2001) 90 Cal.App.4th 1, 9 (*America Online*); *Verdugo v. Alliantgroup, L.P.* (2015) 237 Cal.App.4th 141, 148 (*Verdugo*).) However, a discretionary order based on an application of improper criteria or incorrect legal assumptions is not an exercise of informed discretion and is subject to reversal.  The question of whether a trial court applied the correct legal standard to an issue in exercising its discretion is a question of law, which is reviewed de novo.  (*Eneaji v. Ubboe* (2014) 229 Cal.App.4th 1457, 1463.)

" 'California favors contractual forum selection clauses so long as they are entered into freely and voluntarily, and their enforcement would not be unreasonable. . . .' [¶]  However, 'California courts will refuse to defer to the selected forum if to do so would substantially diminish the rights of California residents in a way that violates our state's public policy.' [Citations.]" (*G Companies Management, LLC v. LREP Arizona, LLC* (2023) 88 Cal.App.5th 342, 350.)

Thus, while ordinarily the party opposing enforcement of a forum selection clause bears the " ' "substantial" burden' " of proving why it should not be enforced, that burden is reversed

6

"when the claims at issue are based on unwaivable rights created by California statutes." (*Verdugo, supra,* 237 Cal.App.4th at p. 147; *Wimsatt v. Beverly Hills Weight etc. Internat., Inc.* (1995) 32 Cal.App.4th 1511, 1521-1522 (*Wimsatt*).)

It is undisputed that the Song-Beverly Act is a California statute that has created unwaivable rights and thus, the burden is on the party seeking to enforce the forum selection clause. (Civ. Code, § 1790.1 ["Any waiver by the buyer of consumer goods of the provisions of this chapter, except as expressly provided in this chapter, shall be deemed contrary to public policy and shall be unenforceable and void"]; *Rheinhart v. Nissan North America, Inc.* (2023) 92 Cal.App.5th 1016, 1034 (*Rheinhart*) [finding that the Song-Beverly Act has a broad anti-waiver provision and applying the standard articulated in *Verdugo* and *Wimsatt*].)

Where unwaivable claims are at issue, a defendant has the burden " 'to prove that enforcement of the forum selection clause would not result in a significant diminution of rights to California consumers.' [Citation.]" (*Verdugo, supra*, 237 Cal.App.4th at p. 150; see also *Rheinhart, supra,* 92 Cal.App.4th at pp. 1034-1035.) To meet this burden, Forest River had to show that the Indiana court would provide " 'the same or greater rights than California' or would 'apply California law on the claims at issue.' " (*Lathrop v. Thor Motor Coach, Inc.* (2024) 105 Cal.App.5th 808, 818 (*Lathrop*); *Verdugo*, at p. 157.)

## II.    The Lower Court Erred in its Application of the Correct Legal Standard in Exercising its Discretion

The lower court here set forth both the general rule as well as the exception to the rule that applied where, as here, the claims at issue were based on unwaivable rights. We find that the court correctly put the burden on Forest River, but it

7

subsequently used the wrong standard in assessing whether Forest River met that burden.

In its ruling, the court held that "Defendant has met its burden of proving that the forum selection clause is enforceable because Plaintiff signed the forum selection clause,[2] the forum selection clause is not unconscionable, and Plaintiff's Song-Beverly Act rights can be readily preserved." But the question when dealing with a forum selection clause in the context of unwaivable rights is whether the Indiana court would provide "the same or greater rights than California" or would "apply California law on the claims at issue."[3]

The lower court then turned immediately to the stipulation offered by Forest River: "Plaintiff argues that a stipulation to not

---

[2]     Although Hardy argued below that she had not freely and voluntarily signed the forum selection agreement, she does not make that argument on appeal so we do not further discuss it.

[3]     The ruling that the forum selection clause was not unconscionable was error even if it had been the appropriate starting point. When combined with the choice of law provision, the agreement purported to foreclose unwaivable rights. Since any attempt to do so is void under California law, that made the clause substantively unconscionable. As a contract of adhesion, it was also at least somewhat procedurally unconscionable (although not per se unenforceable). (*Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 Cal.4th 83, 114-115 (*Armendariz*); *Sanchez v. Valencia Holding Co., LLC* (2015) 61 Cal.4th 899, 915.) Indeed, Forest River did not dispute the fact that, as written and unless modified, the forum selection and choice of law provisions could potentially waive plaintiff's unwaivable rights under the Song-Beverly Act.

8

oppose applying the Song-Beverly Act in Indiana will not preserve Plaintiff's rights because the Indiana court must determine whether to apply California Song-Beverly Act [*sic*] to the matter in Indiana.  However, this concern can be remedied by staying this matter while the Indiana case is pending and should the Indiana court decline to apply the Song-Beverly Act, then Plaintiff can move to lift the stay on this matter."

At first blush, this appears a fair resolution.  However, we conclude that this conclusion does not withstand scrutiny as it is directly contrary to California public policy.

## III.  The Stipulation and Stay of the Action Do Not Cure the Defect

Our colleagues in Division Seven recently confronted a similar (although not identical) set of facts in *Lathrop, supra,* 105 Cal.App.5th at page 820.  As the court did there, we start with the principle that the request to stay the action pending transfer to Indiana to allow the Indiana court to apply California law is effectively a request to sever the choice of law provision from the agreement (and multiple other provisions that adopted terms contrary to California law) and enforce the forum selection clause.  We turn then to caselaw on the severance of unconscionable terms in contracts, many of which arise in the arbitration context.

### A.  The post-dispute agreement to use California law is an attempt to rewrite the contract and violates public policy.

First, our Supreme Court has instructed that the time to look at a contract for unconscionability is as of the date it is written.  (*Ramirez v. Charter Communications, Inc.* (2024) 16 Cal.5th 478, 503 (*Ramirez*) ["[W]hether a contract 'works

9

unconscionable hardship is determined with reference to the time when the contract was made' and cannot be resolved in hindsight, 'considering circumstances of which the contracting parties were unaware.' "].)  Thus, a court may not "rewrite the contract to avoid the unconscionability embedded in its unambiguous terms." (*Id.* at p. 512.)

Whether Forest River is willing now to abide by the Song-Beverly Act, does not change the fact that the warranty as written, choosing Indiana law, is void and against public policy as to California consumers, and hence substantively unconscionable. Our Supreme Court has held that such willingness " 'can be seen, at most, as an offer to modify the contract; an offer that was never accepted.  No existing rule of contract law permits a party to resuscitate a legally defective contract merely by offering to change it.' " (*Armendariz, supra,* 24 Cal.4th at p. 125.)

Our colleagues in Division 4 recently relied upon these same principles to reverse an order enforcing a forum selection clause, finding that a purported stipulation not to enforce a jury waiver was an unaccepted offer, and "a court order could not transform it into a binding modification or stipulation." (*The Comedy Store v. Moss Adams LLP* (2024) 106 Cal.App.5th 784, 794 (*The Comedy Store*).)

However, our Supreme Court has also advised that in determining whether to sever an unconscionable provision, "the court should also ask whether the unconscionability *should* be cured through severance or restriction because the interests of justice would be furthered by such actions." (*Ramirez, supra*, 16 Cal.5th at p. 516.)  "This part of the inquiry focuses on whether mere severance of the unconscionable terms would function to condone an illegal scheme and whether the defects in

10

the agreement indicate that the stronger party engaged in a systematic effort to impose arbitration on the weaker party not simply as an alternative to litigation, but to secure a forum that works to the stronger party's advantage. [Citation.] *If the answer to either of these is yes, the court should refuse to enforce the agreement.*" (*Id.* at pp. 516-517, italics added.)

As the court put it in *Armendariz*, "the doctrine of severance attempts to conserve a contractual relationship if to do so would not be condoning an illegal scheme. [Citations.] The overarching inquiry is whether ' "the interests of justice . . . would be furthered" ' by severance." (*Armendariz, supra,* 24 Cal.4th at p. 124.) Referring specifically to a clause in the agreement that limited damages in the context of severance, the Supreme Court went on to explain that "[a]n employer will not be deterred from routinely inserting such a deliberately illegal clause into the arbitration agreements it mandates for its employees if it knows that the worst penalty for such illegality is the severance of the clause after the employee has litigated the matter. In that sense, the enforcement of a form arbitration agreement containing such a clause drafted in bad faith would be condoning, or at least not discouraging, an illegal scheme, and severance would be disfavored unless it were for some other reason in the interests of justice." (*Id.* at p. 124, fn. 13.)

The Supreme Court in *Ramirez* similarly touched on this issue, explaining that "[i]n conducting this analysis, the court may also consider the deterrent effect of each option . . . . [S]evering multiple unconscionable provisions from an agreement and enforcing the remainder could 'create an incentive for an employer to draft a one-sided arbitration agreement in the hope employees would not challenge the unlawful provisions, but if

11

they do, the court would simply modify the agreement to include the bilateral terms the employer should have included in the first place.'  Although there are no bright-line numerical rules regarding severance, it is fair to say that the greater the number of unconscionable provisions a contract contains the less likely it is that severance will be the appropriate remedy." (*Ramirez*, *supra*, 16 Cal.5th at p. 517.)

And the Supreme Court in *Ramirez* further cited Civil Code section 3513 for the proposition that " '[a]nyone may waive the advantage of a law intended solely for his benefit.  But a law established for a public reason cannot be contravened by a private agreement.' " (*Ramirez*, *supra*, 16 Cal.5th at p. 503.)

Here, we conclude that even if the court had the power to accept a one-sided "stipulation" after a dispute has arisen to use California law in Indiana, to do so would violate California public policy for the reasons explained in *Ramirez* and *Armendariz*. For while an order to ensure the use of California law in the Indiana court "protects the rights of the plaintiffs who are savvy enough to obtain experienced legal representation, file in California, and argue the forum selection clause implicates their unwaivable statutory rights, other California consumers, compelled by the forum selection clause, may file suit in Indiana and only later discover that Indiana's lemon law does not cover motorhomes and that they have given up unwaivable California statutory rights.  Still others may be deterred from pursuing their claims at all." (*Lathrop*, *supra*, 105 Cal.App.5th at p. 821.) Accepting the proposed stipulation "would also create an incentive for [the defendant] to continue to include admittedly unenforceable provisions in its warranties and would deter [it] from revising its warranty to comply with California law." (*Ibid*.)

In short, severance of the unconscionable terms (here, the choice of law provision as well as the other three referred to by Hardy) would function to condone an illegal scheme and the multiple defects in the agreement indicate that the stronger party engaged in a systematic effort to secure a forum that would work to its advantage.

There is a split of authority in the federal courts when California district judges have been presented with the identical issue raised here: forum selection and choice of law clauses for resolution of the Song-Beverly Act claims associated with the purchase of a motorhome. After careful review of all of those decisions, we note that those that have enforced the clauses (at times, by approving similar one-sided stipulations by the defendant as that accepted by the court here) have generally 1) cited federal law for the standard on enforcement of forum selection clauses, which puts the burden on the party resisting the motion, and 2) failed to cite to either *Armendariz* or *Ramirez* or to conduct the required analysis above. (See *Torres v. Jayco, Inc.* (C.D. Cal., Mar. 6, 2024, No. EDCV 24-0065-KK-SHKx) 2024 WL 1559730; *Frisby v. Thor Motor Coach* (C.D. Cal., Jan. 24, 2023, No. CV-22-2047-MWF (SHKx)) 2023 WL 1420434; *Jung v. Thor Motor Coach, Inc.* (C.D. Cal., Jan. 20, 2023, No. EDCV 22-1763 JGB (KKx) 2023 WL 1475109; *Zastawnik v. Thor Motor Coach, Inc.* (C.D. Cal., Jun. 16, 2023, No. CV-22-08663-PSG-AS) 2023 WL 5167363; *Pinkevich v. Thor Motor Coach, Inc.* (C.D. Cal., Nov. 16, 2022, No. 2:22-cv-05985-ODW (Ex)) 2022 WL 19333282; *Derosa v. Thor Motor Coach, Inc.* (C.D. Cal., Sept. 30, 2020, No. 2:20-cv-04895-SVW-PLA) 2020 WL 6647734; *Carreon v. Nexus RVS, LLC* (E.D. Cal., July 20, 2020, No. 2:20-cv-00722-JAM-KJN) 2020 WL 4059546; *Baxter v. Thor Motor Coach, Inc.*

13

(E.D. Cal., Apr. 20, 2020, No. 2:19-cv-01532 JAM-CKD) 2020 WL 1911549.)

Those that have declined to enforce the forum selection clause or accept the proposed stipulation, by contrast, have, while still citing federal law, all cited to the very public policy concerns cited above. (See *Waryck v. Thor Motor Coach, Inc.* (S.D. Cal., Jan. 13, 2023, No. 22-cv-1096-L-MDD) 2023 WL 3794002, *5 [citing *Armendariz* and holding that "enforcing the forum-selection clause, in combination with the other clauses, would contravene strong California public policy. Moreover, severing the other clauses or accepting Thor Motor's proposed stipulations would likewise contravene California public policy because it would not deter the drafter from including such a clause"]; *Gorga v. Thor Motor Coach, Inc.* (N.D. Cal., Feb. 6, 2024, No. 23-cv-03603-RFL) 2024 WL 1090650, *2 [same]; *Scott v. Airstream, Inc.* (S.D. Cal. 2024) 715 F.Supp.3d 1295, 1301 [same].)

Forest River (and many of the manufacturers in the federal cases cited above which enforced the forum selection clauses) rely heavily on the case of *Verdugo*, *supra*, 237 Cal.App.4th 141, which discussed the possibility a defendant might be able to stipulate to apply California law. However, the discussion of a possible stipulation in *Verdugo* is clearly dicta, as the court did not reach the issue of whether an actual stipulation made the forum selection clause enforceable. Instead, in *Verdugo*, the court noted that the defendant there "could have eliminated any uncertainty on which law a Texas court would apply by stipulating to have a Texas court apply California law in deciding Verdugo's claims, but Alliantgroup did not do so." (*Verdugo*, at p. 158.)

14

Two recent cases have similarly concluded that *Verdugo*'s discussion of the absence of a stipulation is dicta. (See *Lathrop*, 105 Cal.App.5th at p. 824 [*Verdugo* did not have occasion to decide whether such a stipulation would have met the defendant's burden to show litigating in the different forum would not diminish the plaintiff's unwaivable rights]; *The Comedy Store, supra,* 106 Cal.App.5th at p. 793 [*Verdugo* did not hold that a stipulation to apply California law satisfied a party's burden to demonstrate that a foreign court would apply California law].) "A case is not authority for a proposition not considered therein or an issue not presented by its own particular facts." (*McConnell v. Advantest America, Inc.* (2023) 92 Cal.App.5th 596, 611.)

Moreover, *Verdugo* considered, and rejected, an argument that is even more similar to the one made here by Forest River. The court in *Verdugo* noted that "at oral argument, Alliantgroup argued we should affirm the trial court's ruling because the court stayed rather than dismissed the action, and therefore the trial court retains jurisdiction to lift the stay if the Texas court refuses to apply California law. According to Alliantgroup, the ability to resume the action if 'something goes awry' is the reason California trial courts generally are required to stay rather than dismiss an action when ordering parties to litigate their dispute in a foreign jurisdiction under the forum non conveniens doctrine." (*Verdugo*, *supra*, 237 Cal.App.4th at p. 161.)

Rejecting that argument, the court noted that defendant "overstate[d] a trial court's authority to resume an action after staying it on forum non conveniens grounds." (*Verdugo*, *supra*, 237 Cal.App.4th at p. 161.) The court first raised a concern whether the court *could* lift the stay if the Indiana court declined

15

to apply California law, given existing law.  (*Id.* at p. 161.)
The court went on to note that "[i]f the trial court sought to
resume proceedings every time the foreign jurisdiction made an
adverse ruling, the unseemly conflicts among jurisdictions that
the forum non conveniens doctrine is designed to eliminate would
be commonplace." (*Id.* at p. 162.)  It concluded:  "Accordingly, the
possibility the trial court could resume proceedings on Verdugo's
claims fails to establish enforcing the forum selection clause
would not diminish Verdugo's unwaivable statutory rights under
the Labor Code." (*Ibid.*)[4]

Similarly, in *America Online*, the Court of Appeal rejected a
similar plea from the defendant that the lower court erred "in not
granting AOL's request for a stay of the California action to allow
the Virginia court to determine whether the relief available to
[plaintiff] i[s] consistent with California consumer law."
(*America Online*, *supra*, 90 Cal.App.4th at p. 20.)  There,
among other concerns, the court noted "AOL suggests no
procedural device which would allow a California court to proceed
with the underlying case after a Virginia court has ruled," citing
the full faith and credit clause of the United States Constitution.
(*Id.* at p. 21.)

Thus, even if the court had properly considered the public
policy and deterrence factors that are mandated by *Armendariz*
and *Ramirez,* which it did not, we share the concerns in *Verdugo*
and *America Online* regarding how, and at what point, the
California trial court would or could entertain a motion to lift the

---

[4]    We read this portion of *Verdugo* to provide further support
that the case does not stand for the proposition that a stipulation
to use California law in a foreign jurisdiction is sufficient to
overcome a waiver of unwaivable rights.

16

stay. The court's order noted that "should the Indiana courts decline to apply Plaintiff's Song-Beverly Act rights in their jurisdiction, Plaintiff may move to lift the stay in this Court." Would it be proper to do so whenever the Indiana court made a ruling that the plaintiff believed contrary to the requirements of the Song-Beverly Act, even though the Indiana court stated that it was following California law?

In sum, the seemingly neat solution of allowing the case to be transferred to Indiana subject to lifting the stay in California if the Indiana court declines to follow the Song-Beverly Act neither follows California law regarding when to adjudicate unconscionability and how to determine whether to sever the unenforceable provisions of a contract, nor aligns with basic principles of comity. Accordingly, we conclude the court improperly applied the correct legal standard and reverse for an order denying the motion.

The conclusions reached here do not mean that every case involving the Song-Beverly Act must be heard in California. We presume that other courts are capable of applying our state law. (*TSMC North America v. Semiconductor Manufacturing Internat. Corp.* (2008) 161 Cal.App.4th 581, 601.) However, when reviewing a forum selection clause in the context of unwaivable rights, a court must first look to whether the forum selection clause was unconscionable, void, or violated public policy as of the time the agreement was made. If it was, then the court must consider whether to sever the unconscionable or void clauses from the agreement, taking into consideration the factors spelled out in *Ramirez* and *Armendariz*. However, in choosing whether to sever, unless there is a bilateral stipulation to which all parties agree, the court may not augment or reform the contract by

17

issuing an order contrary to the agreement actually entered into by the parties.

## DISPOSITION

The order is reversed and remanded.  The trial court is ordered to enter an order denying the motion to dismiss or stay. Appellant is awarded her costs on appeal.


RICHARDSON, J.

We concur:


ASHMANN-GERST, Acting P. J.


STRATTON, J.*

---

\*     Presiding Justice of the Court of Appeal, Second Appellate District, Division Eight, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Filed 1/31/25

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| JEAN M. HARDY, <br><br>     Plaintiff and Appellant, <br><br>     v. <br><br> FOREST RIVER, INC. et al., <br><br>     Defendants and Respondents. | B331450 <br><br> (Los Angeles County <br> Super. Ct. No. 22NWCV01656) <br><br> ORDER MODIFYING OPINION AND CERTIFYING OPINION FOR PUBLICATION <br><br> [No change in the judgment] |

IT IS ORDERED that the opinion filed in the above-captioned matter on January 9, 2025, be modified as follows:

1. On page 3, the words "state of Indiana" are deleted and replaced with "State of Indiana."

2. On page 7, second paragraph, last sentence, the citation to *Lathrop v. Thor Motor Coach, Inc.* (2024) 105 Cal.App.5th 808, is modified to read as follows:

   "(*Lathrop v. Thor Motor Coach, Inc.* (2024) 105 Cal.App.5th 808, 818 (*Lathrop*), review granted Jan. 15, 2025, S287893,

briefing deferred pursuant to rule 8.512(d)(2), Cal. Rules of Court; *Verdugo*, at p. 157.)"

And following this revised citation, a new footnote is added to read:
"Consistent with California Rules of Court, rule 8.1115 subdivision (e)(1) and accompanying Comment to subdivision (e)(3), we are citing *Lathrop* for its persuasive value only rather than for any 'binding or precedential effect.' "

3. On page 10, second paragraph, last sentence, the citation to *The Comedy Store v. Moss Adams LLP* (2024) 106 Cal.App.5th 784 is modified to read as follows:

"(*The Comedy Store v. Moss Adams LLP* (2024) 106 Cal.App.5th 784, 794 (*The Comedy Store*), petn. for review pending, petn. filed Dec. 20, 2024.)"

4. On page 13, first paragraph, the word "scheme" is deleted and replaced with "practice" so that the paragraph now reads:

"In short, severance of the unconscionable terms (here, the choice of law provision as well as the other three referred to by Hardy) would function to condone an illegal practice and the multiple defects in the agreement indicate that the stronger party engaged in a systematic effort to secure a forum that would work to its advantage."

5. On page 13, second paragraph, the citation to *Frisby v. Thor Motor Coach* (C.D. Cal., Jan. 24, 2023, No. CV-22-2047-MWF (SHKx)) 2023 WL 1420434 is modified to read as follows:

"*Frisby v. Thor Motor Coach, Inc.* (C.D. Cal., Jan. 24, 2023, No. CV-22-2047-MWF (SHKx)) 2023 WL 1420434."

The filed opinion was not certified for publication in the Official Reports. For good cause appearing, and pursuant to California Rules of Court, rule 8.1105(b) it is ordered that the opinion shall be published in the Official Reports.

These modifications effect no change in the judgment.

_____

ASHMANN-GERST, Acting P. J.   RICHARDSON, J.  STRATTON, J.*

---

\*      Justice of the Court of Appeal, Second Appellate District, Division Eight, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

3